IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| MARY L. SPEAKMAN and OLLIE J. SPEAKMAN, <br><br>Plaintiffs, <br><br>v. <br><br>LIBERTY MUTUAL INSURANCE COMPANY, <br><br>Defendant. | CIVIL ACTION NO. 4:16-cv-41 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Liberty Insurance Corporation (hereinafter "Liberty"),[1] hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Winchester Division. As grounds for this removal, Liberty states as follows:

## INTRODUCTION

1. On or about April 20, 2016, Plaintiffs commenced a civil action against Liberty in the Circuit Court for Franklin County, Tennessee, pending there as Case Number 2016-CV-111.

---

[1] The Complaint improperly named the defendant as "Liberty Mutual Insurance Company," but Plaintiffs moved to amend in state court to correct the error and name the correct defendant, Liberty Insurance Corporation. *See* Motion to Amend Complaint, which is contained in the state court file attached to Exhibit 1 hereto. Under Tenn. R. Civ. P. 15.01, Plaintiffs were entitled to amend their pleadings "once as a matter of course … before a responsive pleading is served." Since no responsive pleading had been filed by Liberty prior to the filing of the Motion to Amend, it believes the amendment contemplated in the Motion to Amend was effective when filed.

The Circuit Court for Franklin County is a Tennessee state court within this judicial district and division.

2. Plaintiff served a copy of the Summons and Complaint on Liberty on April 21, 2016. Therefore, this Notice of Removal is timely filed.

3. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings filed in the state court pertaining to this matter as of this date are collectively attached hereto as **Exhibit 1**.

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

6. Plaintiffs Mary J. Speakman and Ollie J. Speakman are citizens and residents of Franklin County, Tennessee. *See* Complaint at ¶ 1.

7. Liberty is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Massachusetts. Liberty is not a citizen of the State of Tennessee.

8. Thus, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Plaintiffs brought this action alleging breach of a homeowner's insurance policy and bad faith against Liberty. Specifically, Plaintiffs alleges Liberty failed to pay Plaintiffs all money due under the policy for damage to Plaintiffs' home and personal property arising out of a fire. *See* Complaint at ¶¶ 5, 8-9.

11. Plaintiffs' Complaint seeks compensatory damages in the amount of "the limits of the insurance policy, amount of destroyed personal items such as furniture, [and] amount of outside living expenses." *See* "Wherefore" paragraph at section B. Plaintiffs' homeowner's policy with Liberty contains the following limits of coverage: $181,400 for dwelling with expanded replacement cost and $136,050 for personal property with replacement cost. Liberty issued payment to Plaintiffs for the dwelling in the amount of $66,074.52[2] and $20,869.38 for personal property.[3] According to Plaintiffs' Complaint, Plaintiffs are seeking the limits of the policy which would be an additional $230,506.10.

---

[2] The general contractor hired by Liberty estimated the replacement cost value of the home was $102,695.18 minus $35,620.66 in recoverable depreciation and $1,000 in deductible.
[3] The personal property damage was $31,872.68 (includes cleaning cash out in the amount of $3,905.52 for hard goods and $8,700.88 for textiles) minus $11,003.30 in recoverable

3

12. Plaintiffs' Complaint also seeks "damages pursuant to Tenn. Code Ann. § 56-7-105 not to exceed $500,000.00." *See* "Wherefore" paragraph at section B. While Liberty disputes it acted in bad faith and that Plaintiffs are entitled to damages under Tenn. Code Ann. § 56-7-105, it is proper for the court to consider Plaintiffs' claims for bad faith damages in calculating the amount in controversy. Tenn. Code Ann § 56-7-105 permits an insured to recover damages, in addition to the loss, in an amount not to exceed 25% of the liability of the loss if the court determines that "the refusal to pay the loss was not in good faith, and the failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy." *See* Tenn. Code Ann. § 56-7-105(a).

13. Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. Liberty has not previously removed this action and has heretofore sought no similar relief.

16. Liberty reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

17. Liberty hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Liberty has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Franklin County, Tennessee, as provided by law.

---

depreciation. Liberty issued two payments to Plaintiffs for personal property damage in the amount of $2,500.00 and $18,369.38.

4

27479498 v1

Case 4:16-cv-00041-HSM-SKL   Document 1   Filed 05/20/16   Page 4 of 5   PageID #: 4

Respectfully submitted,

*/s/ Brian C. Neal*
Brian Neal (BPR #022532)
Briana M. Montminy (BPR #034622)
BURR & FORMAN LLP
511 Union Street, Ste. 2300
Nashville, TN 37219
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2016, I served a copy of the foregoing *Notice of Removal* via U.S. mail on the following:

Floyd Don Davis
Davis, Kessler & Davis
P.O. Box 626
Winchester, TN 37398

*/s/ Brian C. Neal*

5