IN THE CIRCUIT COURT FOR FRANKLIN COUNTY TENNESSEE

MARY J. SPEAKMAN and )
OLLIE J. SPEAKMAN, )
 )
    Plaintiffs, )
 )
v. ) Case No. 2016-CV-111
 ) **JURY DEMAND**
LIBERTY MUTUAL INSURANCE COMPANY, )
 ) FILED 4-20-16
    Defendant. ) TIME 10:34 AM
 ROBERT BAGGETT
 CIRCUIT COURT CLERK
 FRANKLIN COUNTY, TN

## COMPLAINT

Come now the Plaintiffs, Mary and Ollie Speakman, for their claims against Defendant, Liberty Mutual Insurance Company and would state as follows:

1. Plaintiffs, Mary J. Speakman and Ollie J. Speakman, are citizens and residents of Franklin County, Tennessee.

2. Defendant, Liberty Mutual Insurance Company, is a corporation duly organized and existing under the laws of the State of Tennessee and duly licensed and authorized to carry on the business of homeowner's insurance coverage in the State of Tennessee and may be served with process through the Tennessee Commissioner of Commerce and Insurance at its headquartered location of 175 Berkeley Street, Boston, MA 02116.

3. The Defendant issued a homeowner's policy, numbered H37-258-210752-40, to the Plaintiffs, Mary J. Speakman and Ollie J. Speakman, as named insured, providing the coverages set forth therein for that property, building and

structure, situated thereon and personal property contained therein commonly known as 1300 Hurricane Road, Tullahoma, Tennessee 37388.

4. That the Defendant herein, in consideration of the payment of the premium by Plaintiff, did issue and deliver herein a policy and contract of homeowner's insurance insuring the Plaintiff for damage to the aforesaid dwelling.

5. That on or about October 17, 2015, and while the policy of homeowner's insurance was in full force and effect, the dwelling on the premises above described, as well as the personalty contained therein, was damaged as a result of a house fire.

6. The damage did not occur from any of the causes excepted in the policy.

7. The Plaintiff herein did give proper notice to the Defendant of the claim for damage.

8. The Plaintiff, before commencement of this action, has duly performed all of the conditions of the contract and policy of homeowner's insurance on their part to be performed and the Defendant has failed and refused to pay the Plaintiffs the monies due and owing to them pursuant to the policy and contract of insurance.

9. Defendant have shown bad faith in failing to pay the claim in violation of Tenn. Code Ann. § 56-7-105.

**WHEREFORE,** Plaintiffs, Mary J. Speakman and Ollie J. Speakman pray as follows:

A. That proper process issue to the Defendant requiring a response to this Complaint within the time allowed by law;

B. That the Plaintiffs have judgment against the Defendant in the amount allowed by the jurisdiction of this Court including but not limited to the limits of the insurance policy, amount of destroyed personal items such as furniture, amount of outside living expenses, and damages pursuant to Tenn. Code Ann. § 56-7-105 not to exceed $500,000.00.

C. That Plaintiffs have a trial by jury;

D. That Plaintiffs have such other and further relief to which Plaintiff may prove entitled.

Dated: 4-20-2016

Respectfully submitted,

Floyd Don Davis (B.P.R. # 3621)
Davis, Kessler & Davis
P.O. Box 626
Winchester, TN 37398
(931) 967-7000
*Attorney for Plaintiffs*

## Cost Bond

The undersigned hereby acknowledges himself surety for costs in the above cause of action not to exceed $500.

_____
Floyd Don Davis

## IN THE CIRCUIT COURT FOR FRANKLIN COUNTY TENNESSEE

MARY J. SPEAKMAN and )
OLLIE J. SPEAKMAN, )
                           )
    Plaintiffs, )
                           )
v. )    Case No._____
                           )    **JURY DEMAND**
LIBERTY MUTUAL INSURANCE COMPANY, )
                           )
    Defendant. )

### MOTION TO AMEND COMPLAINT

COME NOW, the Plaintiffs, Mary J. Speakman and Ollie J. Speakman, by and through their respective attorney of record and request this Honorable Court to amend the original Complaint that has been filed in the above styled case as follows:

1. The Defendant Liberty Mutual Insurance Company was improperly named in the original Complaint and therefore shall be known hereinafter as the Defendant "Liberty Insurance Company" which is the legal and proper name of the Defendant.

2. The Plaintiffs mistakenly stated the following in Paragraph Five of the Complaint: "That on or about October 17, 2015, and while the policy of homeowner's insurance was in full force and effect, the dwelling on the premises above described, as well as the personalty contained therein, was damaged as a result of a house fire."

3. The Paragraph Five of the Complaint should be amended to state the following: "That on or about October 07, 2015, and while the policy of homeowner's insurance was in full force

and effect, the dwelling on the premises above described, as well as the personalty contained therein, was damaged as a result of a house fire."

**WHEREFORE,** the Plaintiffs pray that this Honorable Court allow an Order to Amend Complaint to be entered which will reflect the legal and proper name of "Liberty Insurance Company" for the Defendant Liberty Mutual Insurance Company and that the Paragraph Five of the Complaint be amended to state the following: "That on or about October 07, 2015, and while the policy of homeowner's insurance was in full force and effect, the dwelling on the premises above described, as well as the personalty contained therein, was damaged as a result of a house fire."

This the ___13___ day of ___July___, 2016.

Respectfully Submitted:

_____
Floyd Don Davis BPR#: 003621
Davis, Kessler, & Davis
705 Dinah Shore Blvd.
Winchester, TN 37398
(931) 967-7000

## CERTIFICATE OF SERVICE

I, Floyd Don Davis, herby certify that a true and exact copy of the foregoing pleading has been served via U.S. Mail and/or facsimile to the following:

Burr Forman
Brian C. Neal
511 Union Street, Suite 2300
Nashville, TN 37219

This the ___13___ day of ___May___, 2016.

_____
Floyd Don Davis

3

## IN THE CIRCUIT COURT FOR FRANKLIN COUNTY, TENNESSEE

| | |
|---|---|
| MARY J. SPEAKMAN and <br> OLLIE J. SPEAKMAN, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO: 2016-cv-111 <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Liberty Mutual Insurance Corporation, incorrectly named as Liberty Mutual Insurance Company, hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Winchester Division. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Respectfully Submitted,

_____
Brian C. Neal (BPR No. 027363)
Briana M. Montminy (BPR No. 034622)
BURR & FORMAN LLP
511 Union Street, Suite 2300
Nashville, Tennessee 37219
Telephone: (615) 724-3249
Facsimile: (615) 724-3349
Email: bneal@burr.com
bmontmin@burr.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20th 2016, a true and correct copy of the above and foregoing document was served via United States Mail, first-class postage prepaid, on the following:

> Floyd Don Davis
> Davis, Kessler & Davis
> P.O. Box 626
> Winchester, TN 37398
> *Attorney for Plaintiffs*

_____
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| MARY L. SPEAKMAN and OLLIE J. SPEAKMAN, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NO. ) ) ) _____ ) ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Liberty Insurance Corporation (hereinafter "Liberty"),[1] hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Winchester Division. As grounds for this removal, Liberty states as follows:

### INTRODUCTION

1. On or about April 20, 2016, Plaintiffs commenced a civil action against Liberty in the Circuit Court for Franklin County, Tennessee, pending there as Case Number 2016-CV-111.

---

[1] The Complaint improperly named the defendant as "Liberty Mutual Insurance Company," but Plaintiffs moved to amend in state court to correct the error and name the correct defendant, Liberty Insurance Corporation. *See* Motion to Amend Complaint, which is contained in the state court file attached to Exhibit 1 hereto. Under Tenn. R. Civ. P. 15.01, Plaintiffs were entitled to amend their pleadings "once as a matter of course … before a responsive pleading is served." Since no responsive pleading had been filed by Liberty prior to the filing of the Motion to Amend, it believes the amendment contemplated in the Motion to Amend was effective when filed.

The Circuit Court for Franklin County is a Tennessee state court within this judicial district and division.

2. Plaintiff served a copy of the Summons and Complaint on Liberty on April 21, 2016. Therefore, this Notice of Removal is timely filed.

3. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings filed in the state court pertaining to this matter as of this date are collectively attached hereto as **Exhibit 1**.

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

2

6. Plaintiffs Mary J. Speakman and Ollie J. Speakman are citizens and residents of Franklin County, Tennessee. *See* Complaint at ¶ 1.

7. Liberty is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Massachusetts. Liberty is not a citizen of the State of Tennessee.

8. Thus, the diversity of citizenship requirement is met in this case.

**AMOUNT IN CONTROVERSY**

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Plaintiffs brought this action alleging breach of a homeowner's insurance policy and bad faith against Liberty. Specifically, Plaintiffs alleges Liberty failed to pay Plaintiffs all money due under the policy for damage to Plaintiffs' home and personal property arising out of a fire. *See* Complaint at ¶¶ 5, 8-9.

11. Plaintiffs' Complaint seeks compensatory damages in the amount of "the limits of the insurance policy, amount of destroyed personal items such as furniture, [and] amount of outside living expenses." *See* "Wherefore" paragraph at section B. Plaintiffs' homeowner's policy with Liberty contains the following limits of coverage: $181,400 for dwelling with expanded replacement cost and $136,050 for personal property with replacement cost. Liberty issued payment to Plaintiffs for the dwelling in the amount of $66,074.52[2] and $20,869.38 for personal property.[3] According to Plaintiffs' Complaint, Plaintiffs are seeking the limits of the policy which would be an additional $230,506.10.

---

[2] The general contractor hired by Liberty estimated the replacement cost value of the home was $102,695.18 minus $35,620.66 in recoverable depreciation and $1,000 in deductible.
[3] The personal property damage was $31,872.68 (includes cleaning cash out in the amount of $3,905.52 for hard goods and $8,700.88 for textiles) minus $11,003.30 in recoverable

3

27479498 v1
Case 4:16-cv-00041-HSM-SKL   Document 1-1   Filed 05/20/16   Page 12 of 14   PageID #: 17

12. Plaintiffs' Complaint also seeks "damages pursuant to Tenn. Code Ann. § 56-7-105 not to exceed $500,000.00." *See* "Wherefore" paragraph at section B. While Liberty disputes it acted in bad faith and that Plaintiffs are entitled to damages under Tenn. Code Ann. § 56-7-105, it is proper for the court to consider Plaintiffs' claims for bad faith damages in calculating the amount in controversy. Tenn. Code Ann § 56-7-105 permits an insured to recover damages, in addition to the loss, in an amount not to exceed 25% of the liability of the loss if the court determines that "the refusal to pay the loss was not in good faith, and the failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy." *See* Tenn. Code Ann. § 56-7-105(a).

13. Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. Liberty has not previously removed this action and has heretofore sought no similar relief.

16. Liberty reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

17. Liberty hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Liberty has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Franklin County, Tennessee, as provided by law.

---

depreciation. Liberty issued two payments to Plaintiffs for personal property damage in the amount of $2,500.00 and $18,369.38.

4

Respectfully submitted,

*/s/ Brian C. Neal*
Brian Neal (BPR #022532)
Briana M. Montminy (BPR #034622)
BURR & FORMAN LLP
511 Union Street, Ste. 2300
Nashville, TN 37219
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May 2016, I served a copy of the foregoing *Notice of Removal* via U.S. mail on the following:

Floyd Don Davis
Davis, Kessler & Davis
P.O. Box 626
Winchester, TN 37398

*/s/ Brian C. Neal*

5